IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CHERYL A. MARLER, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-17-243-BMJ
 )
NANCY A. BERRYHILL, )
Acting Commissioner of )
Social Security Administration, )
 )
       Defendant. )

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Cheryl A. Marler, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's final decision finding she was not disabled under the Social Security Act. The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 10], and both parties have briefed their respective positions.[1] For the reasons stated below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

**I.    Procedural Background**

On April 18, 2014, Plaintiff protectively filed an application for disability insurance benefits (DIB). *See* AR 21. The Social Security Administration (SSA) denied the application initially and on reconsideration. AR 70-77. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated September 21, 2015. AR 18-37. The Appeals Council

---

[1] Citations to the parties' submissions reference the Court's ECF pagination.

denied Plaintiff's request for review. AR 1-6. Thus, the decision of the ALJ became the final decision of the Commissioner. Plaintiff seeks judicial review of this final agency decision.

## II.     The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluation process); *see also* 20 C.F.R. § 404.1520. The ALJ first determined Plaintiff had not engaged in substantial gainful activity during the "'relevant period' of February 15, 2007[,] through her date last insured of December 31, 2008." AR 23.

At step two, the ALJ determined Plaintiff suffered from the severe impairments of bipolar disorder, generalized anxiety disorder, and personality disorder. AR 24.[2] At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 26-27.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except with lifting no more than 20 pounds at a time; frequent lifting or carrying up to 10 pounds; standing/walking 6 hours out of an 8-hour workday; sitting 6 hours out of an 8-hour workday; and no climbing ladders, ropes or scaffolds. [Plaintiff] is able to understand, remember and carry out simple instructions consistent with unskilled work that is repetitive and routine in nature and able to relate and interact with coworkers and supervisors on a work-related basis only with no to minimal interaction with the general public. [Plaintiff] can adapt to a work situation with these limitations/restrictions and her medications would not preclude her from remaining reasonably alert to perform required functions presented in a work setting.

---

[2] The ALJ also found Plaintiff had non-severe impairments of hypertension, GERD, diabetes, obesity, polysubstance abuse, heart arrhythmia, and knee impairment. AR 24-25.

AR 27-31. The ALJ determined Plaintiff was unable to perform any past relevant work. AR 31. Relying on the testimony of a vocational expert (VE), the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform—inspector hand packager, mail sorter, and electrical accessories assembler. AR 31-32. The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act. AR 33.

## III.     Issue Presented for Judicial Review

Plaintiff seeks judicial review raising two claims of error. First, Plaintiff claims the ALJ improperly rejected the opinion of a consultative psychological examiner leading to error in the RFC. Second, Plaintiff claims that she is unable to work any of the jobs the ALJ identified at step five.

## IV.     Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own

judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

**V.    Analysis**

    **A.  The ALJ Erred in Considering Dr. Vaughn's Opinion**

Plaintiff claims the ALJ failed to properly address the opinion evidence of Douglas B. Vaughan, Ph.D., a consultative examiner. She asserts the ALJ erred in assigning "little weight" to Dr. Vaughan's opinion on the basis that Dr. Vaughan "relied primarily on Plaintiff's subjective complaints."[3] Plaintiff's assertion of error has merit, as the ALJ's basis for the weight assigned to Dr. Vaughan's opinion does not constitute a good reason.

An ALJ must consider all medical opinions and discuss the weight assigned to such opinions. *Vigil v. Colvin*, 805 F.3d 1199, 1201-02 (10th Cir. 2015) (*citing Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012)). "When assessing a medical opinion, the ALJ must consider the factors listed in 20 C.F.R. § 404.1527(c) and give good reasons for the weight he assigns to the opinion." *Id.* at 1202. Examining medical sources are "'given particular consideration' because they are 'presumptively entitled to more weight than a doctor's opinion derived from a review of the medical record.'" *Ringgold v. Colvin*, 644 F. App'x 841, 843 (10th Cir. 2016) (unpublished) (*citing Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2002)).

Plaintiff presented to Dr. Vaughan for a consultative psychological evaluation on February 2, 2007. Dr. Vaughan found that Plaintiff had various limitations related to her mental impairments:

---

[3] Plaintiff also asserts that the ALJ erred by stating: "There was little to no evidence of mental health treatment in file from September 2, 2005, through July 21, 2008, which suggests [Plaintiff's] symptoms and limitations were not as severe as she generally purported." Pl.'s Br. 7-9; AR 29. The Court does not consider this a separate reason for assigning little weight to Dr. Vaughan's opinion, but instead an example as to why Plaintiff's subjective complaints are not valid.

4

> [Plaintiff] appears capable of understanding and remembering simple but not detailed instructions. She is able to attend and concentrate for simple tasks for brief periods, but it seems she would have marked difficulty sustaining concentration, pace, or persistence for extended period of time. She does not appear capable of interacting socially with the public, supervisors, and coworkers in a competitive or low stress work setting. She does not seem able to adapt to routine work changes and stress in a competitive work setting or low-stress work setting.
>
> In this examiner's opinion, [Plaintiff] is NOT capable of managing her own funds, due to her history of financial mismanagement, gambling, and spending sprees as well as her poor arithmetic skills.

AR 335. The ALJ afforded "little weight" to Dr. Vaughan's opinion, stating:

> [I]t seems Dr. Vaughan relied primarily on [Plaintiff's] subjective complaints. There was little to no evidence of mental health treatment in file from September 2, 2005, through July 21, 2008, which suggests [Plaintiff's] symptoms and limitations were not as severe as she generally purported. Moreover, therapy notes do not support [Plaintiff] had any visual/audio hallucinations as she endorsed at the consultative examinations.

AR 29 (internal citation omitted). By assigning "little weight" to the opinion, the ALJ effectively rejected it. *See Chapo*, 682 F.3d at 1291.

The ALJ erred by rejecting Dr. Vaughan's opinion on the basis that it "relied primarily on [Plaintiff's] subjective complaints." "The practice of psychology is necessarily dependent, at least in part, on a patient's subjective statements." *Thomas v. Barnhart*, 147 F. App'x 755, 759 (10th Cir. 2005) (unpublished); *see also Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) ("[A] psychological opinion may rest either on observed signs and symptoms or on psychological tests . . . thus, Dr. Baca's observations about claimant's limitations do constitute specific medical findings." (internal citation omitted)); *Dockemeyer v. Colvin*, No. CIV-13-1328-HE, 2015 WL 586313, at *5 (W.D. Okla. Feb. 11, 2015) (finding the ALJ failed to provide legitimate grounds

5

for rejecting medical opinion). Thus, to the extent Dr. Vaughan did rely on Plaintiff's subjective complaints, such reliance would not be grounds for the ALJ to reject his opinion.

Remand is further warranted because the ALJ engaged in speculation. The ALJ only found that "it seems" the ALJ relied primarily on Plaintiff's subjective complaints. But, "an ALJ may not make speculative inferences from medical reports . . . ." *Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) (also holding the ALJ improperly rejected a treating doctor's opinion based on the ALJ's own speculative conclusion that the report was based only on claimant's subjective complaints and was an act of courtesy to a patient); *see also Sherman v. Berryhill*, No. CV 16-310 CG, 2017 WL 3575868, at *6 (D.N.M. Mar. 30, 2017) (applying *Langley* to examining physician); *Berryman v. Colvin*, No. CIV-10-428-FHS-SPS, 2013 WL 1305336, at *4 (E.D. Okla. Mar. 13, 2013), *report and recommendation adopted*, No. CIV-10-428-FHS-SPS, 2013 WL 1284241 (E.D. Okla. Mar. 28, 2013) (same).

In response to Plaintiff's allegation of error, the Commissioner offers an impermissible post-hoc rationalization to explain the treatment of Dr. Vaughan's opinion by listing evidence in her response brief that the ALJ did address in support of his decision to reject Dr. Vaughan's decision. Def.'s Br. 7-9; s*ee Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) ("[T]he district court may not create post hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself."). Allowing post-hoc justifications would "usurp essential functions committed in the first instance to the administrative process." *Robinson*, 366 F.3d at 1084-85. Thus, the Court will not entertain the Commissioner's arguments that present facts extraneous to the ALJ's consideration of Dr. Vaughan's opinion.

The ALJ committed reversible error in considering Dr. Vaughan's opinion. As such, the Commissioner's decision should be reversed and remanded for further proceedings.

### B. The Court Does Not Reach Plaintiff's Remaining Points of Error

Plaintiff further argues that she is unable to perform any of the jobs identified by the ALJ at step five. If the RFC changes after the ALJ re-weighs Dr. Vaughan's opinion, the step-five analysis may change as well. Therefore, the Court does not reach the merits of Plaintiff's claim as it "may be affected by the ALJ's treatment of the case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## VI. Conclusion

For the reasons set forth, the Court reverses the decision of the Commissioner and remands the matter for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this 18th day of January, 2018.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE